IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THEOGNOSIA PAPASOZOMENOS,   * \
M.D.,   *

    Plaintiff,   *

    v.   *   CIVIL NO.: WDQ-11-0919

UNIVERSITY OF MARYLAND   * \
MEDICAL SYSTEM CORPORATION, \
et al.,   *

    Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Theognosia Papasozomenos sued the University of Maryland Medical System Corporation ("Medical System") and others[1] for due process violations, breach of contract, and tortious interference with contract. Pending are the Defendants' motion to dismiss and Papasozomenos's motions to amend her complaint and remand the case. The Court will grant Papasozomenos's unopposed motion to amend her complaint. For the following reasons, Papasozomenos's motion to remand will also be granted, and the Defendants' motion to dismiss will be remanded.

---

[1] The other Defendants are University of Maryland Medical Center ("Medical Center") and May Hsieh Blanchard, M.D., the director of the obstetrics and gynecology residency program at the Medical Center. Compl. 3.

I. Background

In July 2008, Papasozomenos was admitted to the Medical Center as a third-year obstetrics and gynecology resident. Compl. ¶ 8. Her residency agreement provided that she would receive a certificate of completion after successfully completing all or part of a training program at the Medical Center. Compl. ¶ 13. The agreement also provided that all residents would be assessed by "multiple assessment methodologies," using objective criteria, and by "multiple raters." Compl. ¶ 15.

In January and July 2009, Papasozomenos's faculty supervisors gave her satisfactory reviews, but Blanchard said Papasozomenos was "not performing appropriately for level." Compl. ¶¶ 16, 18. Even so, the Medical Center offered Papasozomenos a second contract for July 2009-June 2010. Compl. ¶ 20.

On August 25, 2009, Blanchard placed Papasozomenos on probation. Compl. ¶ 21. Papasozomenos appealed, and the appeal panel recommended that Blanchard's probation order be rescinded. Compl. ¶¶ 22, 24. On December 8, 2009, the medical director ordered that the probation be rescinded and replaced with a letter of deficiency. Compl. ¶ 24.

On February 1, 2010, Blanchard fired Papasozomenos, and Papasozomenos appealed. Compl. ¶ 26, 28. On March 15, 2010,

Blanchard told an appeal panel that she had fired Papasozomenos for the reasons in the letter of deficiency. Compl. ¶¶ 30-31. Immediately after the hearing, Blanchard wrote a letter to the medical director, asserting that Papasozomenos was a danger to patients. Compl. ¶ 34. The medical director scheduled a second hearing to allow Papasozomenos to address Blanchard's new charges. Compl. ¶ 40. After the second hearing, the medical director upheld Blanchard's decision to fire Papasozomenos. Comp. ¶ 41.

Papasozomenos obtained a position with Lincoln Medical and Mental Health Center ("Lincoln") in New York to complete her training. Compl. ¶ 42. In October 2010, Lincoln offered her a residency position, contingent upon receipt of records from the institutions where Papasozomenos had previously trained. Compl. ¶¶ 42-43. On December 7, 2010, Lincoln rescinded Papasozomenos's residency contract because the Medical Center had not provided documentation of her third-year residency. Compl. ¶ 45. After Papasozomenos pressed the Medical Center for the documentation, the Medical Center told Lincoln that Papasozomenos had had an unsuccessful third year. Compl. ¶ 46.

On January 31, 2011, Papasozomenos filed this action in the Circuit Court for Baltimore City, alleging breach of contract, tortious interference with contract, and violations of due process under the federal constitution and the Maryland

3

Declaration of Rights. Papasozomenos did not serve the Defendants until March 17, 2011. Mem. in Supp. of Mot. to Amend 2. On April 8, 2011, Blanchard removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1. On April 15, 2011, the Defendants moved to dismiss part of Papasozomenos's complaint. ECF No. 9. On May 4, 2011, Papasozomenos moved to amend her complaint and for remand. ECF No. 12.

II. Analysis

A. Remand

Papasozomenos argues that the case should be remanded to the Circuit Court for Baltimore City because her amended complaint raises only state claims.[2] ECF No. 12 at 2. The Defendants counter that this Court should exercise jurisdiction over the state law claims because Papasozomenos "is simply playing jurisdictional games": she still alleges that the Medical System is a state agency and "simply transferred her constitutional due process allegations into a breach of contract count." ECF No. 13 at 1-2. The Defendants also contend that a

---

[2] Papasozomenos omitted her due process claim under the federal constitution and the Maryland Declaration of Rights, noting her "erroneous understanding that the Medical System was an instrumentality of the state government." Amend. Compl. 2. She added claims for defamation and negligent misrepresentation. *Id.* at 15-16.

4

federal statute[3] grants them immunity, putting "important federal policies at stake." *Id.* at 2.

Federal courts "have an *inherent* power to remand removed State claims when the federal claims drop out of the case."[4] In deciding whether to remand, a court must consider "principles of economy, convenience, fairness, and comity, and whether the efforts of a party in seeking remand amount to a manipulative tactic." *Hinson*, 239 F.2d at 617 (internal citation and quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. 343, 350 n.7 (1988).

The factors here counsel remand. State claims predominate, implicating "the overriding issues of fairness and comity."[5] *Hinson*, 239 F.2d at 617-18. Because the case is at a

---

[3] Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101-11152.

[4] *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.2d 611, 617 (4th Cir. 2001) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.11 (1988)) (emphasis in original).

[5] That a defense may involve a federal statute does not override the other factors. If an anticipated defense does not establish subject matter jurisdiction, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908), that defense does not require a district court to exercise supplemental jurisdiction.

5

"relatively early stage,"[6] this Court has not expended such a substantial "amount of time and energy" that it is more efficient to exercise jurisdiction. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Moreover, the Court finds no evidence that Papasozomenos sought remand as a "manipulative tactic."[7] Accordingly, this Court will remand the case.[8]

III. Conclusion

For the reasons stated above, this Court will grant Papasozomenos's motions to amend her complaint and to remand the case, and will remand the Defendants' motion to dismiss.

__10/5/11__  
Date

__/s/ William D. Quarles__  
William D. Quarles, Jr.  
United States District Judge

---

[6] *Jones v. Dacosta*, 930 F. Supp. 223, 226 (D. Md. 1996) (declining to exercise supplemental jurisdiction over state claims before discovery when federal claims had been dismissed and amount in controversy no longer established diversity jurisdiction).

[7] Papasozomenos has neither fraudulently joined a party, *see Linnin v. Michielsens*, 372 F. Supp. 2d 811, 824-25 (E.D. Va. 2005), nor omitted federal statutory claims while maintaining nearly identical state statutory claims, *see Espinoza v. Fry's Food Stores of Ariz., Inc.*, 806 F. Supp. 855, 856-57 (D. Ariz. 1990).

[8] Because the Court will not exercise supplemental jurisdiction over the state law claims, the Court will also remand the Defendants' motion to dismiss.